JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09119-RGK-MRW | Date | November 24, 2021 |
|---|---|---|---|
| Title | *Rebecca M. Rodriguez, et al. v. Nissan North America, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On October 1, 2021, Rebecca Rodriguez and Brigitte Rodriguez ("Plaintiffs") filed a Complaint against Nissan North America, Inc. ("Defendant") alleging violations of the Song-Beverly Warranty Act.

On November 22, 2021, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In the complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant calculates that based on the vehicle price of $24,841.68, the minimum amount of restitution is $23,116.70 when adjusted for mileage. Defendant further calculates that a civil penalty of double the actual damages would equal $46,233.40. Therefore, the amount in controversy, without taking into consideration unspecified incidental and consequential damage or attorneys' fees, is already $69,350.10.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09119-RGK-MRW | Date | November 24, 2021 |
|---|---|---|---|
| Title | *Rebecca M. Rodriguez, et al. v. Nissan North America, Inc., et al.* | | |

However, while Defendant has accounted for Plaintiff's use of the car prior to the first repair of the vehicle, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). The Installment Contract, executed on July 5, 2020, indicates that Plaintiff paid only $6,000.00 as a down payment, with the balance to be paid over six years. (Nassihi Decl., Ex. E.) Given this evidence, the Court finds it implausible that the amount in controversy exceeds $75,000.

As Defendant points out, Plaintiff would be entitled to civil penalties and attorneys' fees if the action succeeds. As to attorneys' fees, the Court finds this to be speculative. Moreover, given the deficiencies of Defendant's calculations with respect to actual damages, civil penalties, which are based on actual damages, are similarly deficient.

Accordingly, the Court finds that Defendant has failed to plausibly allege that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                           :

Initials of Preparer